NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3223

KENNETH P. VANCURA,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED:  December 16, 2004
_____

Before MAYER, Chief Judge, NEWMAN and CLEVENGER, Circuit Judges.

PER CURIAM.

Mr. Kenneth P. Vancura appeals the final decision of the Merit Systems Protection Board, Docket No. AT0752020808-I-1, affirming Mr. Vancura's removal from the position of mail handler at the United States Postal Service.  We affirm the Board's decision.

DISCUSSION

Mr. Vancura had been warned by two supervisors at the Mid-Florida Processing and Distribution Center not to enter the Computer Forwarding System unit (CFS), which is

responsible for processing mail that is not deliverable. Thereafter, postal investigators videotaped Mr. Vancura entering the CFS on five occasions during midnight hours when CFS staff was not present. On May 8, 2002 the investigators recorded Mr. Vancura loading parcels into a cardboard box. Mr. Vancura carried the box to his tow-motor. He was followed by a postal inspector, who retrieved the box and also received Mr. Vancura's consent to search his private vehicle. The vehicle contained an opened piece of mail addressed to someone else and contained glossy photographs of Michael Jordan. Inside the cardboard box the inspectors found forty-two compact discs. The agency removed Mr. Vancura on charges of theft of the mail containing the photographs, and unauthorized possession of the CDs. Mr. Vancura appealed to the Board.

The Administrative Judge did not sustain the charge of theft of the mail with the photographs of Michael Jordan, for evidence showed that the letter was 2-3 years old, and it was not clear how the letter came into Mr. Vancura's possession. However, the AJ found that Mr. Vancura was not authorized to possess the CDs, undeliverable mail that the Postal Service had marked for destruction at the request of the CD companies. The AJ found Mr. Vancura's explanations not to be credible, and upheld the agency's finding of intentional wrongdoing. After considering the reasonableness of the agency's choice of penalty, applying Douglas v. Veterans Administration, 5 M.S.P.R. 280, 307-08 (1981), the AJ affirmed the agency's decision to remove Mr. Vancura from his position, and the full board denied review.

Mr. Vancura argues that the penalty of removal was too severe because the CDs were of de minimis value and were slated for destruction; he did not reap personal gain from the CDs; and, he lacked notice of the rules concerning waste mail in the Computer

Forwarding System unit. He states that the penalty of removal is "grossly disproportionate" to the wrong, citing Miguel v. Department of the Army, 727 F.2d 1081 (Fed. Cir. 1984). In Miguel this court held that the penalty of removal was grossly disproportionate for theft of two bars of soap. The Postal Service distinguishes Miguel on its facts, pointing out that the CDs had greater intrinsic value, and the CD companies had requested that they be destroyed if they could not be delivered because of potential copyright and royalty issues arising from their use by unauthorized parties. The Postal Service stresses that Mr. Vancura had previously been warned not to enter the Computer Forwarding System unit.

Mr. Vancura argues that the penalty of removal should be mitigated by his thirty years of federal service without discipline and by his potential for rehabilitation. Although this court had referred to the petitioner's record of service in Miguel, 727 F.2d at 1083, Mr. Miguel did not occupy a position of trust with regard to the bars of soap, whereas Mr. Vancura occupied a position of trust with respect to the delivery of mail. The Administrative Judge found that Mr. Vancura was "less than truthful during the investigation," and that it did not appear Mr. Vancura could be rehabilitated in view of the frequency with which he entered the Computer Forwarding System unit after being told not to do so. These findings are supported by substantial evidence, and support the Board's decision. We agree with the Postal Service that those entrusted with the mail must meet rigorous standards of honesty and credibility, and that the remedy imposed, after several warnings, is within the discretionary scope contemplated by the Douglas factors.

No costs.